(Hamilton County Common Pleas.)
February, 1899.

CHARLES H. SCHUMAN v. THE STATE OF OHIO.

The securing of a decree for alimony by a wife does not relieve the husband of the duty imposed by section 3140-2, of supporting his child under sixteen years of age, in default whereof he may be punished for a misdemeanor.

---

Error to the Probate Court of Hamilton county.

S. W. SMITH, J.

The plaintiff in error, Charles H. Schuman, was arrested, tried and convicted in the police court of the city of Cincinnati under section 3140-2, which provides that "the father of a child under sixteen years of age, living in this state, who, being able either by reason of financial means or by personal services, labor or earnings, shall neglect or refuse to provide such child with necessary and proper home, care, food and clothing, shall upon conviction be deemed guilty of a misdemeanor and punished accordingly."

The defense to this action in the police court was the claim of the plaintiff in error that previous to his arrest his wife had secured a decree for alimony, and the care and custody of their minor child had by the decree of court been given to his divorced wife, and under the existing circumstances this statute did not apply to him.

The court is of opinion that the claim of the plaintiff in error is not well founded. The decree of alimony simply fixed the status of the parties as between themselves and child, and

did not fix the status or relation of the father to the state.

It is the duty primarily of the father to support his minor children out of his property or by his labor, and he has no right to allow them to become a public charge. The design of this statute, as our supreme court has said, is to enforce, as far as practical, the fulfillment of the father's duty to the public; and the duty that he owes the public of saving it from the expense of supporting his children is a personal and a continuing duty, and if he omits this duty he must answer to the state for such omission notwithstanding the status that may have been theretofore fixed between himself, the mother and the child.

In this regard the court will call attention to the case of Pretzinger v. Pretzinger, 45 Ohio St., 452, and the case of Bowen v. The State, 56 Ohio 235, in which this statute is discussed.

The judgment of the police court, therefore, will be affirmed.

Wilson & Wilson, for Plaintiff in Error.

Thos. F. Shay, contra.